UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sen Kong Then

- against -

An Hao 187 Inc. (D.B.A. Akimoto Sushi)
~~Rui An Wang, and~~ Rui Hao Wang

1:19- CV-10089-LGS

ANSWER

I

## ADMISSIONS AND DENIALS

## NATURE OF ACTION

1. Defendant denies the allegations in paragraph 1. **Rui An Wang** has had no material association or affiliation, in whole or in part, with Akimoto Sushi or An Hao 187 Inc. Defendant **Rui Hao Wang** admits Plaintiff Then is a former employee of Akimoto Sushi.

2. Defendant denies the allegations in paragraph 2. **Rui An Wang** has never owned, operated, or controlled, in whole or in part, Japanese restaurant Akimoto Sushi, 187 Church St, New York, NY 10007. Defendant **Rui Hao Wang** admits to owning and operating Akimoto Shushi.

3. Defendant denies the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5. Plaintiff Then worked no more than 35 hours per week, with appropriate wage and spread of hours compensation for the hours that he worked.

6. Defendant denies the allegations in paragraph 6. Defendant paid Plaintiff Then appropriately for the hours he worked (8.5 hours per day), with a wage of $80 per day, plus tips.

7. Defendant denies the allegations in paragraph 7. Plaintiff Then's spread of hours pay (one hour extra pay per day) was factored into and included in his $80 per day wage.

8. Defendant denies the allegations in paragraph 8. Plaintiff Then was paid at a rate of $8.42 per hour, which was above the required New York City minimum wage rate for tipped food service workers when Then began work in November 2017; though may have been below the required rate by 2019.

9. Defendant denies the allegations in paragraph 9. Plaintiff Then was employed as a tipped food service worker, and paid appropriately as such.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11. Plaintiff Then worked no more than 35 hours per week.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

## JURISDICTION AND VENUE

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17. Plaintiff Then was employed at Akimoto Sushi from November 2017 until April 2019.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19. **Rui An Wang** has never owned, operated, or controlled, in whole or in part, Japanese restaurant Akimoto Sushi, 187 Church St, New York, NY 10007. Defendant **Rui Hao Wang** admits to owning and operating Akimoto Shushi.

20. Defendant admits the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21. **Rui An Wang** has had no material association or affiliation, in whole or in part, with Akimoto Sushi or An Hao 187 Inc; and has never been an owner, officer, or agent of, or possess operational control of, have ownership interest in, or control significant functions of, Akimoto Sushi or An Hao 187 Inc. **Rui An Wang** has never determined the wages or compensation of the employees at Akimoto Sushi, or established the schedules of the employees, or maintained employee records, or had the authority to hire or fire employees.

22. Defendant denies the allegations in paragraph 22. **Rui An Wang** is an individual engaging in a separate and independent business adjacent to Akimoto Sushi.

**FACTUAL ALLEGATIONS**

23. Defendant admits the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24. **Rui An Wang** has had no material association or affiliation, in whole or in part, with Akimoto Sushi or An Hao 187 Inc; and has never been an owner, officer, or agent of, or possess operational control of, have ownership interest in, or control significant functions of, Akimoto Sushi or An Hao 187 Inc.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30. **Rui An Wang** never had the power to hire or fire Plaintiff Then, or control the terms or conditions of his employment, or determine the rate and method of any compensation in exchange for Plaintiff Then's services.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35. Plaintiff Then was employed by Defendant Rui Hao Wang at Akimoto Sushi from November 2017 until April 2019.

36. Defendant admits the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39. Plaintiff Then worked no more than 35 hours per week.

40. Defendant denies the allegations in paragraph 40. Plaintiff Then was employed at Akimoto Sushi from November 2017 to April 2019, during which he worked no more than four days per week, from 11:00am to 3:00pm, and again from 6:00pm to 10:30pm.

41. Defendant admits the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42. Plaintiff Then was paid $80 per day in wages; plus tips, which averaged $125 per day, and were no less than $100 per day.

43. Defendant denies the allegations in paragraph 43. Plaintiff Then was paid $80 per day in wages; plus tips, which averaged $125 per day, and were no less than $100 per day.

44. Defendant denies the allegations in paragraph 44. Plaintiff Then was paid $80 per day in wages; plus tips, which averaged $125 per day, and were no less than $100 per day.

45. Defendant denies the allegations in paragraph 45. Defendant advised Then at the start of his employment that his tips were included as offset to his wages.

46. Defendant denies the allegations in paragraph 46. Defendant accounted for Then's tips on a daily basis, through records of customer electronic payments, which included tips, and accounted for over 90% of the payments, and from the cash tip deposits made from the delivery employees of that day. All tips, both electronic and cash, were totaled daily at close of business and distributed evenly among delivery employees of that day.

47. Defendant admits the allegations in paragraph 47. Defendant required Plaintiff Then to be punctual with his work time, detailed above, which he consistently was, and so no other means was deemed necessary.

48. Defendant denies the allegations in paragraph 48. On or about April 19, 2019, Plaintiff Then met with defendant to arrange a settlement to this matter, after which Then signed a written agreement and accepted $3000 from Defendant. Plaintiff Then fully understood the terms and conditions of the agreement, as both parties are fluent in the Chinese language, and signed it on his own accord and without coercion.

49. Defendant admits the allegations in paragraph 49.

50. Defendant admits the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51. Defendant provided Plaintiff Then with all relevant information verbally in the Chinese language upon Then's start of work in November 2017.

52. Defendant admits the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53. Defendant Then worked no more than 35 hours per week.

54. Defendant admits the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55. Plaintiff Then was paid at a rate of $8.42 per hour, which was above the required New York City minimum wage rate for tipped food service workers when Then began work in November 2017; though may have been below the required rate by 2019.

56. Defendant denies the allegations in paragraph 56. Plaintiff Then and all other delivery workers were paid at a rate of $8.42 per hour, which was above the required New York City minimum wage rate for tipped food service workers when Then began work in November 2017; though may have been below the required rate by 2019.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59. Defendant accounted for Then's tips on a daily basis, through records of customer electronic payments, which included tips, and accounted for over 90% of the payments, and from the cash tip deposits made from the delivery employees of that day. All tips, both electronic and cash, were totaled daily at close of business and distributed evenly among delivery employees of that day.

60. Defendant denies the allegations in paragraph 60. Defendant maintained sufficient records and processes for determining Plaintiff Then's wages and tips.

61. Defendant denies the allegations in paragraph 61. On or about April 19, 2019, Plaintiff Then met with defendant to arrange a settlement to this matter, after which Then signed a written agreement and accepted $3000 from Defendant. Plaintiff Then fully understood the terms and conditions of the agreement, as both parties are fluent in the Chinese language, and signed it on his own accord and without coercion.

62. Defendant admits the allegations in paragraph 62.

63. Defendant admits the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant admits the allegations in paragraph 65

66. Defendant admits the allegations in paragraph 66.

67. Defendant admits the allegations in paragraph 67.

68. Defendant admits the allegations in paragraph 68.

## FLSA COLLECTIVE ACTION CLAIMS

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74. Defendant admits the allegations in paragraph 74.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79

80. Defendant denies the allegations in paragraph 80. Plaintiff Then never worked in excess of 40 hours per week.

81. Defendant denies the allegations in paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84. **Rui An Wang** never had the power to hire or fire Plaintiff Then, or control the terms or conditions of his employment, or determine the rate and method of any compensation in exchange for Plaintiff Then's services.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89. Plaintiff Then never worked over 40 hours in a work week.

90. Defendant denies the allegations in paragraph 90. Plaintiff Then never worked over 40 hours in a work week.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

92. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93. Plaintiff Then's spread of hours pay (one hour extra pay per day) was factored into and included in his $80 per day wage, and resulted in wages at or above basic minimum wage rates when Plaintiff Then began work in November 2017; but which may have resulted in wages below basic minimum wage rates by 2019.

94. Defendant denies the allegations in paragraph 94.

95. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

96. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97. Defendant admits the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98. Defendant provided Plaintiff Then with $3000 as settlement for this matter on or around April 19, 2019, to which Then agreed.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENTS PROVISIONS OF THE NEW YORK LABOR LAW

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.

100.    Defendant admits the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101. Defendant provided Plaintiff Then with $3000 as settlement for this matter on or around April 19, 2019, to which Then agreed.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

**WHEREFORE** defendant asks this Court to dismiss the complaint against Defendant and enter judgment in favor of Defendant.

**The statements contained herein are true to the best of Defendant's knowledge.**

Date: 11/20/2019

Defendant's signature: [signature]

Defendant's printed name: Zui Hao Wang

Address: 187 CHURCH ST
NEW YORK, NY 10007

Telephone: 212-766-3350